210 N.J. Super. 7 (1986)
509 A.2d 187
LUISA CAIAZZA, ET AL., PLAINTIFFS-RESPONDENTS,
v.
BALLY MANUFACTURING, INC. AND/OR CORPORATION, ET AL., DEFENDANTS-APPELLANTS.
SIX FLAGS CORPORATION, GREAT ADVENTURE, INC., JOHN RIMAKIS AND JOHN DOE, PLAINTIFFS-APPELLANTS,
v.
LUISA CAIAZZA, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 18, 1986.
Decided April 7, 1986.
*9 Before Judges PRESSLER, DREIER and BILDER.
Mark D. Larner and Irene A. Sullivan argued the cause for appellants Bally Manufacturing, Inc., Six Flags Corporation and Great Adventure, Inc. (Budd, Larner, Kent, Gross, Picillo, Rosenbaum, Greenberg & Sade; Skadden, Arps, Slate, Meagher & Flom; Wilbert & Montenegro, attorneys; Sheila L. Birnbaum and Irene A. Sullivan, of counsel; David R. Gross and David J. Novack, on the brief).
Jeffrey Speiser argued the cause for appellant David Paltzik (Hellring, Lindeman, Goldstein & Siegel, attorneys).
John A. Brogan argued the cause for appellant Larry Cochran (Walder, Sondak, Berkeley & Brogan, attorneys).
Harold Corley White argued the cause for appellants John Rimakis and John Doe (Starkey, Kelly, Blaney & White, attorneys).
John L. Weichsel argued the cause for respondent-representative of Harrison.
Russell G. Cheek argued the cause for respondents-representatives of Valentin, Rodriguez, Ruiz and Carrion.
Joel M. Miklacki argued the cause for respondent-representative of Beyroutey (Feinstein, Bitterman & Schey, attorneys; Miles Feinstein, on letter-brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
*10 These consolidated appeals, taken on leave granted, arise out of the notorious fire of May 11, 1984 which took the lives of eight young people in the "Haunted House" of Great Adventure Amusement Park in Jackson Township. The issue before us involves the availability to plaintiffs in the ensuing wrongful death actions of evidence which had been gathered by the special Ocean County Grand Jury empaneled to investigate the circumstances of and culpability for the fire.
By way of procedural overview, representatives of seven of the decedents commenced four separate civil actions in New Jersey.[1] All were or are about to be consolidated in Passaic County. The first of the civil actions (the Caiazza complaint) was commenced on June 18, 1984, and the second (the Beyroutey complaint) on July 9, 1984. The Harrison complaint was filed in February 1985, and the multi-plaintiff complaint by the representatives of Samuel Valentin, Eric Rodriguez, Lenin Ruiz and Jose A. Carrion, Jr., in May 1985. With respect to the criminal proceedings, the grand jury, after considering voluminous documentary and other evidence, as well as the testimony of 54 witnesses, indicted two corporations, Six Flags Corporation and Great Adventure, Inc.,[2] Larry Cochran and David Paltzik. The corporations were both charged with aggravated manslaughter and the individuals, the former general manager of the amusement park and a corporate executive, respectively, were charged with manslaughter. Both Cochran and Paltzik were admitted to the Ocean County pretrial intervention program, and the indictment as against them was dismissed on *11 March 7, 1985, upon their successful completion of the program. The corporate defendants were tried during the summer of 1985 and both were acquitted.
In May 1985 the plaintiffs in the wrongful death action moved before Judge Susser in Passaic County, who had been specially designated to hear pretrial matters in the wrongful death cases, for access to what have been called during the litigation the "C" documents, a list of materials turned over by the Ocean County Prosecutor to the corporate defendants in the criminal proceedings as part of his discovery obligation under R. 3:13-3. This material consists of identified documentary exhibits reviewed by the grand jury and the transcripts of testimony of the 54 grand jury witnesses, many of whose identities have been disclosed neither to the public not to the civil plaintiffs. The Ocean County Prosecutor, whose position as to disclosure was solicited, expressed his lack of objection. Judge Susser ordered the civil defendants to make the documentary evidence available to plaintiffs, subject to a protective order in view of the then pendency of the criminal proceedings. He referred, however, that part of the plaintiffs' motion seeking access to the grand jury testimony to the Ocean County Assignment Judge for disposition.
Accordingly, plaintiffs renewed their motion before Judge Addison, and at the same time defendants commenced a declaratory judgment action, whose venue was laid in Ocean County, by which they sought to prevent disclosure. They were joined by 19 witnesses who had testified before the grand jury and who also sought to maintain secrecy.[3] According to the record, ten of these witnesses are presently employed full-time by Great Adventure, three are seasonal employees, five are former Great Adventure employees and one is an independent contractor *12 doing business with Great Adventure on a regular basis. Ten of the nineteen also testified at the criminal trial of the corporate defendants and, as to eight of them, there was reference to their grand jury testimony at that trial.
After consolidating all of the proceedings before him, Judge Addison dismissed the declaratory judgment action and entered an order granting plaintiffs' motion for access to all the grand jury testimony. Defendants in the wrongful death action appeal from Judge Susser's order and, joined by the 19 grand jury witnesses, they appeal from Judge Addison's order.
In the context of the now completed criminal proceedings, we affirm both orders substantially for the reasons stated by the respective trial judges, both of whom properly exercised their respective discretion in applying the test for disclosure prescribed by State v. Doliner, 96 N.J. 236, 246-247 (1984).
As we understand the main thrust of defendants' argument, they claim that plaintiffs have failed to show a compelling need for disclosure and that, in any event, the trial judge failed to give proper consideration to the need to protect the innocent witnesses.
We agree with the trial judges that plaintiffs' showing of their particularized need was sufficiently strong as balanced against the five Doliner reasons for maintaining grand jury secrecy to have warranted the disclosure. The sheer volume of the grand jury material, all of which is now in the hands of defendants and is otherwise usable or suppressable by them in their sole discretion, precludes its independent duplication by plaintiffs on any feasible basis. The building itself has been destroyed, and the nearly contemporaneous records and testimony gathered by the grand jury constitute the best and perhaps only way to reconstruct the critical events. Requiring plaintiffs to attempt to travel the same road as did the grand *13 jury, even if they had the resources to do so, would undoubtedly involve them in a completely duplicative, wasteful and overburdensome process which would necessarily delay final disposition without in any commensurate degree serving the underlying policy of secrecy of the grand jury. We are not here dealing with a single known witness or two but rather with the extensive product of a wide-reaching intensive investigation which the Prosecutor is quite willing to disclose to these plaintiffs. We see no basis on which defendants, who are motivated by their interest in defending the civil litigation rather than by a philosophical concern for the institutional integrity of the grand jury process, can be permitted to defeat the discovery sought.
We find, however, some merit in defendant's second claim respecting the need to protect from public opprobrium those witnesses who testified before the grand jury whose identity has not yet been publicly disclosed. While we do not conclude that this consideration alone can justify the withholding of the grand jury materials, we are satisfied that these witnesses are entitled to privacy to the maximum extent consistent with plaintiffs' discovery and trial needs. We therefore remand this matter to Passic County for the entry of an appropriate protective order respecting disclosure of the grand jury transcripts which shall be equally applicable to all of the parties in the civil litigation.
We remand to the trial court in Passaic County for the modification of the disclosure orders heretofore entered by inclusion therein of an appropriate protective order respecting the hereto undisclosed identities and testimony of all grand jury witnesses. Any party and the Ocean County prosecutor may also move for a protective order in respect of all other grand jury materials. In all other respects, the orders appealed from are affirmed.
NOTES
[1] Representatives of the eighth decedent have commenced a civil action in Pennsylvania. Prior to the date of the oral argument of these appeals before us, the claims resulting from the death of Nicola Caiazza were settled, leaving still pending in Passaic County the claims respecting six of the decedents.
[2] Insofar as we can determine from the record, Six Flags is the corporate owner of Great Adventure and Bally Manufacturing Corporation is the corporate owner of Six Flags.
[3] Although the caption of the complaint included only two grand jury witness plaintiffs, one named and one designated John Doe, we construe the John Doe designation to include all of the 18 witnesses who filed affidavits in the action.